FILED
COURT OF APPEALS
DIVISION II

2013 APR 16 AM 9: 07

STATE OF WASHINGTON

BY_____
      DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br>                              Respondent,<br><br>          v.<br><br>JONATHAN GRANTHAM,<br>                              Appellant. | No. 42611-1-II<br><br>PUBLISHED OPINION |

VAN DEREN, J. — Jonathan Grantham appeals a restitution order entered more than 180

days after his sentencing. He asserts that the trial court lacked good cause to continue the

restitution hearing beyond the statutory 180-day deadline. We agree and reverse and remand for

vacation of the restitution order.[1]

## FACTS

On October 21, 2010, Grantham pleaded guilty to five charges, including residential

burglary and first degree possession of stolen property. The trial court did not order restitution

when Grantham entered his plea. Grantham waived his appearance at any subsequent restitution

hearing.

---

[1] A commissioner of this court initially considered this appeal as a motion on the merits under
RAP 18.14 and then transferred it to a panel of judges.

The trial court continued the restitution hearing several times. On March 2, 2011, the parties appeared for a scheduling hearing and Grantham's then-present attorney moved to revoke Grantham's previous waiver of appearance for his restitution hearing arising from his October 21 guilty plea. The trial court reset the restitution hearing for April 1, but Grantham's counsel advised the court that due to his "next motion" that was "probably not" a realistic time. Suppl. Clerk's Papers (CP) at 72.

Grantham's attorney then presented an unopposed motion to withdraw as Grantham's counsel. The State pointed out that "if the Court allows withdrawal and . . . Grantham wants to be present, the 180 day clock would expire April 28th and so a new attorney's probably going to need time. I want to make sure if we go beyond that, that the Defendant is waiving the 180 day period." Suppl. CP at 73-74.

The trial court granted the attorney's motion to withdraw and appointed a new attorney for Grantham. It recognized that the April 1 setting was "not going to be appropriate" and set the restitution hearing for April 28, without objection from counsel and without the trial court noting that this continuance was beyond the 180-day statutory limit. Suppl. CP at 76-77. When the trial court asked the State to agree to the continuance, it incorrectly stated, "The Defendant was sentenced on October 31st, so the 180 day period will be fine for the State." Suppl. CP at 76. The actual expiration date, based on the October 21st sentencing, was April 19, 2011.

The April 28 restitution hearing was then continued to June 2 because Grantham was not available, then it was reset again to June 9. On June 9, 2011, Grantham objected to additional continuances but the court found good cause and continued the hearing to June 16. On June 16, Grantham again objected to the continuance to June 16. The trial court overruled his objection

2

and ordered him to pay $58,174.65 in restitution. The trial court, however, allowed additional briefing on the issue about expiration of the 180-day time limit on trial courts to order restitution. Grantham's briefing focused on the trial court's decision to continue the restitution hearing to June 16, 2011.

At an August 4, 2011, hearing on Grantham's objection to the continuance of the restitution hearing, held well beyond the 180-day limit, the trial court first explained the reasons for the March continuance. It stated, "[O]ne of the issues was that Mr. Grantham had to switch attorneys at the last minute. Mr. Grantham also chose to be present now, even though he waived that at his sentencing, so we had to make arrangements to get him here. . . . So the matter was continued, essentially, by agreement of the parties." Report of Proceedings (RP) at 66. Grantham did not object to the court's characterization of his agreement to the extension of time.

The trial court later entered formal findings denying Grantham's motion objecting to the continuance of the restitution hearing beyond 180 days following sentencing.[2] The court's findings of fact addressed all of the continuances. It noted that "[o]ne hundred and eighty days from [the sentencing on] Oct[ober] 21, 2010 was Apr[il] 19, 2011." CP at 6. With respect to the March continuance, the order stated that the restitution hearing set for April 1, 2011, was continued to April 28th "because the defendant's attorney withdrew[,] . . . new counsel was appointed, and the defendant, who was in prison, demanded to be present for the hearing after having waived his presence at sentencing." CP at 6-7.

Grantham appeals.

---

[2] On August 25, the trial court held a short hearing to review the proposed findings and conclusions. Grantham did not object to any findings, but the court corrected a mistyped date at his request.

ANALYSIS

Grantham no longer assigns error to the continuance from June 9th to June 16th. Instead, he argues that the trial court did not have good cause to grant the continuance to April 28 because all parties incorrectly believed that the 180-day time limit would not expire until after that date and thus, the trial court "never found good cause to continue the hearing past the 180-day deadline." Br. of Appellant at 4-5.

The State responds that despite the mutual error about the correct expiration date for a restitution hearing, the trial court had good cause to continue the hearing to April 28.[3] It contends that Grantham waived his right to appeal the April 28, 2011, hearing setting because he did not object to the continuance at the March 2, 2011, hearing or at any other time before the expiration of the time period, to allow the court to correct any scheduling error.

I.      RCW 9.94A.753(1)

RCW 9.94A.753(1) states, "When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within one hundred eighty days[.] . . . The court may continue the hearing beyond the one hundred eighty days for good cause." The time limit is mandatory, although the court may continue the restitution hearing beyond the 180-day limit for good cause if a party so requests before the time limit has expired. *State v. Prado*, 144 Wn. App. 227, 249, 181 P.3d 901 (2008). We review challenges to the entry of restitution orders for abuse of discretion. *Prado*, 144 Wn. App. at 249.

---

[3] The State notes that Grantham was unavailable from March 25 until after April 28 because he was detained in another county, so it was impossible for the court to hold the hearing after April 1 and before the expiration of the deadline on April 19.

II.   WAIVER

The State's threshold argument is that Grantham waived his right to object to the continuance to April 28 because he initially agreed to it; he did not object to the April 28 date before April 19, which would have allowed the hearing to be held within 180 days; and he did not argue before the trial court that it wrongly granted a continuance beyond the 180-day limit.

Grantham relies on *State v. Moen*, 129 Wn.2d 535, 919 P.2d 69 (1996) to argue that waiver is inapplicable to his circumstance. In *Moen*, our Supreme Court ruled:

> Where a restitution order is involved, the defendant's failure to object to a late order does not entail the same potential for abuse as that described in [*State v.*] *Wicke*[, 91 Wn.2d 638, 591 P.2d 638 (1979)]; the defendant is not withholding an objection in order to take a chance on a favorable verdict. All that is involved is a court ruling the restitution order invalid because the timeliness requirement has not been met. *Whether the trial court or the appellate court makes that determination is a distinction with little difference, once the time period has passed.*

*Moen*, 129 Wn.2d at 547 (emphasis added). Clearly, Grantham was not required to preserve his objection to a late restitution hearing under *Moen*.

Even if Grantham had been required to preserve this objection, waiver does not apply here. "A party waives a statute of limitations affirmative defense (1) by engaging in conduct that is inconsistent with that party's later assertion of the defense or (2) by being dilatory in asserting the defense." *Greenhalgh v. Dep't of Corr.*, 170 Wn. App. 137, 144, 282 P.3d 1175 (2012). And the sixty-day time period for setting a restitution order "operates like an ordinary statute of limitations." *State v. Duvall*, 86 Wn. App. 871, 875, 940 P.2d 671 (1997). Thus, we apply the requirements for waiver of a statute of limitations defense here.

At the March 2 hearing, Grantham's counsel was replaced by a new attorney unfamiliar with the case and the correct 180-day expiration date and the State made the representation that

April 28 was within the 180-day limit. Neither Grantham's actions nor those of his recently-appointed attorney were inconsistent with the later assertion of Grantham's rights under RCW 9.94A.753 and neither party was dilatory in failing to raise the issue at the April 28 restitution hearing. Accordingly, we cannot say that Grantham or his new attorney's agreement to the April 28 restitution hearing constituted a waiver of his rights under RCW 9.94A.753 and we address the merits of Grantham's argument. *Greenhalgh*, 170 Wn. App. at 144.

III.    NO GOOD CAUSE FOR EXTENSION OF TIME

Grantham next argues that the trial court did not find good cause to schedule the restitution hearing beyond the 180-day deadline. He argues that the trial court "could not have found 'good cause' to continue the hearing beyond the 180-day limit because the prosecutor repeatedly misrepresented that the continuance he sought was within the 180-day limit." Br. of Appellant at 6. This argument requires us to determine whether a trial court must state its reasons for continuing a restitution hearing beyond the 180th day following sentencing before the 180th day has passed.

RCW 9.94A.753(1) allows a trial court to continue a restitution hearing beyond the 180th day following sentencing for good cause. The record shows that the State and the trial court incorrectly assumed that the 180 days expired on April 28, and that the trial court had reasons to continue the hearing on March 2, 2011. But the trial court's March 2 ruling recognized only that the April 1 setting was "not going to be appropriate" and it then set the restitution hearing for April 28. Nothing in the trial court's ruling showed that it intended to continue Grantham's restitution hearing beyond the 180-day time limit that expired on April 19.

No. 42611-1-II

Much later, on August 4, the trial court first articulated its reasons and made findings of fact supporting its March 2 continuance to April 28, "Grantham had to switch attorneys at the last minute. . . . Grantham also chose to be present now, even though he waived that at his sentencing, so we had to make arrangements to get him here." RP at 66. Its findings of fact stated that the March 2 hearing was continued to April 28 "because the defendant's attorney withdrew[,] . . . new counsel was appointed, and the defendant, who was in prison, demanded to be present for the hearing after having waived his presence [for the restitution hearing] at sentencing." CP at 6-7.

Here, because the continuance of Grantham's restitution hearing on March 2 was not based on an express finding of good cause to hold it later than 180 days after sentencing, as RCW 9.94A.753(1) requires, the hearing was not timely and we must reverse and vacate the invalid restitution order. *Moen*, 129 Wn.2d at 547; *State v. Davidson*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991) (The trial court's authority to order restitution is statutory.).

Accordingly, we reverse and remand for vacation of the restitution order.

VAN DEREN, J.

I concur:

JOHANSON, A.C.J.

7

QUINN-BRINTNALL, J. (dissenting) — On March 2, 2011, 132 days after Jonathan Grantham pleaded guilty and waived his appearance at any subsequent restitution hearing, Grantham revoked his waiver of presence and his counsel withdrew. Despite these substantial changes in circumstances occasioned by Grantham and mandating a continuance of any restitution hearing, the majority vacates the trial court's order requiring that Grantham pay $58,174.65 to his victims. Because the trial court substantially complied with the requirements of RCW 9.94A.753 when it continued the restitution hearing to a date 189 days after entry of Grantham's plea, I respectfully dissent.

According to the majority, the continuance "was not based on an express finding of good cause to hold it later than 180 days after sentencing." Majority at 7. In my opinion, the majority places undue emphasis on the minor miscalculation of the 180 days and fails to credit the trial court's finding of good cause to continue the restitution hearing (even though good cause is not required to continue a restitution hearing within the 180-day period). The majority holds that the trial court must have explicitly determined not only that there was good cause, but that there was good cause to continue the restitution hearing outside of the 180-day statutory time frame. In my view, this is an unnecessarily technical reading of the statute as well as one which, in this case, works a serious injustice to the victim's right to restitution.

Appellate courts "do not engage in overly technical construction [of the restitution statute] that would permit the defendant to escape from just punishment." *State v. Tobin*, 161 Wn.2d 517, 524, 166 P.3d 1167 (2007) (citing *State v. Davison*, 116 Wn.2d 917, 922, 809 P.2d 1374 (1991)). The majority's reading of RCW 9.94A.753 unnecessarily limits the trial court's authority even in the face of extenuating circumstances caused by the defendant and prevents

Grantham from being held accountable for the consequences of his crime. *State v. Gonzalez*, 168 Wn.2d 256, 265, 226 P.3d 131, *cert. denied*, 131 S. Ct. 318 (2010). "[A]ccording to the statute's plain language and legislative history, it is clear the [restitution] statute is intended to ensure that defendants fulfill their responsibility to compensate victims for losses resulting from their crimes." *Gonzalez*, 168 Wn.2d at 265. Although the majority reads RCW 9.94A.753 as if it requires vacation of the restitution order in this case, the plain language does not contain any such express requirement. *But see* CrR 3.3(h) ("A charge not brought to trial within the time limit determined under this rule shall be dismissed with prejudice."). Therefore, I do not agree that RCW 9.94A.753 requires this court to vacate an order for restitution simply because the trial court failed to explicitly find good cause to continue the hearing outside the 180 days when the motion to continue was made for good cause before the expiration of the 180-day period.

Furthermore, I agree that the court's general jurisdiction to impose restitution is statutory. *See* RCW 9.94A.753; RCW 9A.20.030. However, the majority's reading of the statute implies that the trial court's jurisdiction is limited to 180 days without an explicit finding that there is good cause to continue jurisdiction. I cannot agree. Once a trial court has assumed jurisdiction for the purposes of restitution, the trial court maintains jurisdiction until the restitution obligation is satisfied. RCW 9.94A.753(4).[4] I acknowledge that Division Three has held that a failure to file a motion to continue a hearing on restitution *within* the 180-day period will deprive the trial court of jurisdiction for the purposes of entering a restitution order. *See, e.g., State v. Johnson,*

---

[4] Furthermore, the trial court may modify the restitution order "during any period of time the offender remains under the court's jurisdiction, regardless of the expiration of the offender's term of community supervision and regardless of the statutory maximum sentence for the crime." RCW 9.94A.753(4).

96 Wn. App. 813, 981 P.2d 25 (1999) (Superior court lacked statutory authority to grant continuance when the motion was made after the expiration of 180-day statutory limit for setting restitution.). In my opinion, *Johnson* confuses the trial court's sentencing jurisdiction with statutory authority. However, *Johnson* is distinguishable. In this case, the State filed and the trial court granted a motion to continue the restitution hearing within the 180-day period. In my opinion, this established the trial court's authority to hold a hearing to determine the amount of restitution owed. Here, failure to comply with the majority's hypertechnical reading of the statute neither deprives the trial court of jurisdiction nor requires this court to vacate the order setting the amount of restitution owed.

Importantly, the trial court's failure to explicitly state there was good cause to continue past the 180-day deadline is immaterial. A finding of good cause to continue, when none would otherwise be required, and an express finding that there is good cause to continue nine days beyond the statutory time period is sufficient to establish that the continuance is based on good cause. Moreover, the record expressly established that the defendant withdrew his waiver of appearance 132 days after giving it and his counsel withdrew without objecting to the court's setting of the April 1 restitution hearing noting only that the timely date set, April 1, was unrealistic given the need to appoint new counsel who would need time to prepare for the restitution hearing. I also note Grantham does not claim prejudice nor does he challenge the trial court's rulings continuing the restitution hearing two additional times, based on findings of good cause.

No. 42611-1-II

Accordingly, I respectfully dissent.

_____
QUINN-BRINTNALL, J.