# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72933-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ELYAS MOHAMED KEROW, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: February 29, 2016 |
| | ) | |

VERELLEN, A.C.J. — RCW 9.94A.753(1) requires that restitution be determined within 180 days of sentencing. In this vehicle prowl conviction, the amount of damage to the car causally related to that crime was undisputed. The court continued the restitution hearing to gather more information on the relationship between the car's owner and the insured policyholder. Because Kerow "voluntarily accommodated the State's request" to continue the restitution hearing beyond the statutory deadline but "he was not obliged to do so," we conclude Kerow waived the statutory requirements of RCW 9.94A.753(1).[1]

We affirm the trial court's restitution order.

## FACTS

Kerow pleaded guilty to one count of second degree vehicle prowl of a white Acura. As part of his guilty plea, Kerow stipulated to the facts set forth in the probable

---

[1] State v. Mollichi, 132 Wn.2d 80, 92, 936 P.2d 408 (1997).

cause certification. Brett Braaten was the victim and the car's registered owner. The probable cause certification identified the Acura's license plate number.

Kerow was sentenced on May 16, 2014. The trial court ordered restitution "to be determined" at a date "to be set" for a hearing.[2] The statutory 180-day deadline for the trial court to determine the amount of restitution was November 12, 2014.

The initial restitution hearing occurred on October 29, 2014. Defense counsel did not dispute the amount for damage to the car, but argued the State's documentation did not show a connection between Braaten, the registered owner of the Acura, and Austin Wolff, the USAA insurance policy holder. The trial court concluded the State "needs to present something showing a connection" between Braaten and Wolff and directed the parties to set the hearing "over to a date that *you both agree on.*"[3]

The second restitution hearing occurred on November 18, 2014, 186 days after sentencing. The State provided the court an e-mail from Braaten in which she stated Wolff is her father and the policyholder, but that she paid the $1,000 deductible. Defense counsel argued the court lacked authority to order restitution because the statutory deadline had passed due to the court's failure to make a finding of good cause to continue beyond the 180-day deadline. Once again, the court continued the hearing to enable the State to research whether the court had authority to impose restitution.

---

[2] Clerk's Papers (CP) at 25.

[3] Report of Proceedings (Oct. 29, 2014) at 10 (emphasis added).

At the third hearing on December 3, 2014, the court ordered $4,641.71 in restitution.[4] As to the defense argument regarding a finding of good cause, the court ruled:

> [T]he court continued the hearing from 10/29/14, within 180 days of sentencing, to 11/18/14, for clarification of the relationship between [Braaten], the victim in this case, and [Wolff], the claimant under the policy covering the [Acura]. The court sought clarification of their relationship and continued the hearing for that reason, sua sponte. The State's evidence was sufficient at the 10/29/14 hearing.[5]

Kerow appeals the restitution order.

## ANALYSIS

Kerow contends the trial court lacked authority to order restitution beyond the statutory deadline without an express finding of good cause. We disagree.

We review a restitution order for abuse of discretion.[6] A trial court abuses its discretion if its restitution order is not authorized by statute.[7] A trial court's authority to impose restitution is statutory.[8] The failure to comply with statutory provisions authorizing restitution voids a restitution order.[9]

The critical issue here is whether, absent an express finding of good cause, the trial court had authority to enter a restitution order when (1) defense counsel agreed to a hearing beyond the statutory deadline, (2) the amount of damages causally related to

---

[4] USAA was awarded $3,641.71 for damage to the Acura; Braaten was awarded $1,000 for the deductible.

[5] CP at 67.

[6] State v. Landrum, 66 Wn. App. 791, 795, 832 P.2d 1359 (1992).

[7] State v. Horner, 53 Wn. App. 806, 807, 770 P.2d 1056 (1989).

[8] State v. Deskins, 180 Wn.2d 68, 81, 322 P.3d 780 (2014).

[9] State v. Chipman, 176 Wn. App. 615, 618, 309 P.3d 669 (2013).

the crime was undisputed at the initial, timely restitution hearing, and (3) the sole purpose of the continued hearing was to clarify the relationship between the named insured and the Acura's registered owner.

At the October 29 hearing, Kerow questioned whether Braaten paid the $1,000 deductible, but he did not dispute that the $1,000 deductible was paid. The underlying amount of restitution was not in doubt, nor was there a dispute about a causal connection between Kerow's criminal conduct and the damages. The trial court sought only to clarify who was entitled to restitution. The court had before it documentation showing that USAA insured an Acura whose license plate number matched the license plate listed in the probable cause certification. The date of loss matched the date of the crime. The insurance policy number listed in the USAA documentation was the policy number listed in Braaten's victim loss statement.

The November 18 hearing was to clarify only the payee of the undisputed restitution amount. That relationship had nothing to do with whether the Acura's damages were causally connected to Kerow's criminal conduct. Even without specific information about the relationship between the named insured and the registered owner, the trial court could have entered a restitution award on October 29 for payment of the damages in the undisputed amount of $4,641.71.

The 180-day time limit is statutory and is not grounded in a constitutional right or a limit upon the trial court's jurisdiction.[10] The statutory time limit operates "as an ordinary statute of limitations" and "is subject to principles of waiver and estoppel,

_____

[10] Mollichi, 132 Wn.2d at 89; State v. Moen, 129 Wn.2d 535, 545, 919 P.2d 69 (1996).

including the doctrine of equitable tolling."[11] A party waives a statute of limitations defense "'by engaging in conduct that is inconsistent with that party's later assertion of the defense'" or "'by being dilatory in asserting the defense.'"[12]

State v. Mollichi illustrates the circumstances under which a party may waive the statutory time limit for imposing restitution.[13] There, a juvenile was entitled to have restitution set at the disposition hearing.[14] The Mollichi court concluded the restitution order was invalid because the amount of restitution was determined after the disposition hearing.[15] But the court recognized circumstances under which a defendant may waive the statutory time limit for setting restitution.[16] For example, if a defendant "voluntarily accommodated the State's request," but he or she "was not obliged to do so," the defendant waives the statutory requirements.[17]

Similarly, defense counsel here could have insisted that the continued hearing be set no later than November 12, within 180 days after Kerow's judgment and sentence, but he did not do so. Although the trial court ordered both counsel to agree to a hearing

---

[11] State v. Duvall, 86 Wn. App. 871, 874-75, 940 P.2d 671 (1997).

[12] State v. Grantham, 174 Wn. App. 399, 404, 299 P.3d 21 (2013) (quoting Greenhalgh v. Dep't of Corr., 170 Wn. App. 137, 144, 282 P.3d 1175 (2012)).

[13] 132 Wn.2d 80, 936 P.2d 408 (1997).

[14] Id. at 85-88.

[15] Id. at 93-94.

[16] Id. at 90-94.

[17] Id. at 92. We note that waiver did not apply in Grantham. The Grantham court concluded defense counsel's agreement to a date beyond the 180-day time limit did not constitute a waiver because the defendant's initial counsel was replaced by a new attorney "unfamiliar with the case and the correct 180-day expiration date," and because the State misrepresented that the hearing was within the 180-day limit. Grantham, 174 Wn. App. at 405. But Grantham does not apply here. Kerow's counsel was not replaced by a new attorney, and the State did not misrepresent that the November 18 hearing was within the 180-day time limit.

date, the only reasonable inference from the record is that defense counsel agreed to the November 18 hearing date. As recognized in Mollichi, even if accommodating a request by the State for that specific date, Kerow's agreement to the November 18 hearing was a waiver of the 180-day time limit.

Therefore, we conclude the trial court had authority to enter the December 3 restitution order.

We affirm the trial court's restitution order.

WE CONCUR: