# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76117-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| PHOENIX BARNES MEYERS, | ) | |
| | ) | FILED: June 4, 2018 |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — This appeal presents the question of whether a defendant denied his right to be present for a restitution hearing but represented by an attorney when the trial court decided the amount of restitution is limited to the remedy of remand for a new hearing. Under the particular facts of this appeal, remand is the proper remedy.

We vacate the trial court's restitution order and remand this case for a new restitution hearing.

## FACTS

The State charged Meyers with one count of possession of a stolen vehicle. Meyers pleaded guilty and received a low-end standard range sentence of two months of confinement. As part of the plea agreement, Meyers agreed to

pay restitution for "all losses from and damage to the stolen vehicle," with the amount to be determined later.[1]

At sentencing, the parties never addressed whether Meyers wished to waive his right to be present at a future restitution hearing. No waiver was reflected in the judgment and sentence, but the clerk's minutes indicated Meyers had waived his presence. Weeks after sentencing, defense counsel filed a notice of withdrawal without serving it on the State or obtaining the court's permission to withdraw.

The State submitted a proposed restitution order and supporting documentation to defense counsel in mid-August 2016. Several weeks later, after not receiving an agreement regarding the amount, the State mailed a notice to defense counsel that a restitution hearing was scheduled for October 12, 2016.

On October 12, 2016, the trial court granted a joint motion by the State and defense counsel to reschedule the restitution hearing because "defense needs to contact defendant; State obtaining additional information."[2]

The hearing was continued one additional day to October 25, 2016, the 179 day after sentencing. Defense counsel appeared at the hearing; Meyers did not. Defense counsel asserted that because he had filed a notice of withdrawal after sentencing, he was no longer the attorney of record. Defense counsel

---

[1] Clerk's Papers (CP) at 26.
[2] CP at 58.

argued that the State failed to give Meyers proper notice of the restitution hearing because the State provided notice to defense counsel instead of Meyers directly. The prosecutor acknowledged that the State had not provided notice directly to Meyers. The trial court found that it was the State's obligation to provide notice to Meyers of the restitution hearing and that Meyers had received insufficient notice. But the court heard argument from the State and defense counsel regarding the State's documentation, found that the State had met its burden to prove the documented expenses were causally connected to the crime, and signed the restitution order requiring Meyers to pay $633.03. The trial court set a subsequent hearing for argument regarding whether entry of the order was valid where the defendant did not waive his presence and did not receive personal notice of the hearing but was represented by counsel at the hearing.

At the November 4 hearing, the trial court noted that it had already signed the restitution order at the prior hearing but that defense counsel could brief a formal motion for reconsideration. Defense counsel did not file a motion for reconsideration.

Meyers appeals the restitution order.

<u>ANALYSIS</u>

*Remedy*

Meyers argues the restitution order is void because he did not receive notice of and was not present at the restitution hearing. The State concedes that Meyers's right to be present under CrR 3.4 was violated when the trial court held

a contested restitution hearing without Meyers present and without a waiver. But the State contends the appropriate remedy is a remand for a new restitution hearing.

Where a restitution order is reversed on appeal, remand to correct the error may be an appropriate remedy. In State v Griffith, our Supreme Court held that although the evidence was legally insufficient to support the trial court's restitution order for the value of all unrecovered stolen property, the appropriate remedy was remand to determine the value of stolen property in the defendant's possession based on evidence that had been presented at the prior restitution hearing.[3] Though vacation is an appropriate remedy when the restitution order is untimely,[4] or is entered ex parte without an evidentiary hearing,[5] remand is appropriate under these facts.

---

[3] State v. Griffith, 164 Wn.2d 960, 968, 195 P.3d 506 (2008); see State v. Kinneman, 122 Wn. App. 850, 863, 95 P.3d 1277 (2004) (where crime victim clearly suffered a loss "but that the amount of that loss was unclear . . . the proper remedy is remand for an evidentiary hearing"); see generally State v. Tobin, 161 Wn.2d 517, 524, 166 P.3d 1167 (2007) ("When interpreting Washington's restitution statutes, we recognize that they were intended to require the defendant to face the consequences of his or her criminal conduct. We do not engage in overly technical construction that would permit the defendant to escape from just punishment." (citations omitted)).

[4] State v. Moen, 129 Wn.2d 535, 548, 919 P.2d 69 (1996) (reversal of untimely restitution order); State v. Grantham, 174 Wn. App. 399, 406, 299 P.3d 21 (2013) (reversal of untimely restitution order).

[5] See State v. Burmaster, 96 Wn. App. 36, 56, 979 P.2d 442 (1999); State v. Saunders, 132 Wn. App. 592, 608, 132 P.3d 743 (2006).

4

Here, the restitution order was timely entered after an evidentiary hearing at which Meyers was represented by counsel.[6] Under these facts and limited briefing, the appropriate remedy for lack of presence of the defendant is a remand for a new restitution hearing. No new evidence may be admitted on remand.

We vacate the trial court's restitution order and remand this matter for a new restitution hearing on the existing evidence.

WE CONCUR:

Spearman, J.

Becker, J.

---

[6] Although Meyers' appointed counsel asserted he was no longer the attorney of record, he did not serve the State with his notice of withdrawal, he did not obtain court approval of withdrawal, he acknowledged he had "reappeared" for the restitution hearing as required by his contract, RP at 37-38, he joined in the request to continue the hearing, and he actively argued on behalf of Meyers at the restitution hearing. The parties have given us very limited briefing on what is required to establish a valid withdrawal of counsel in this setting. On the existing briefing, we conclude Meyers was represented by counsel at the restitution hearing. See CR 71, CrR 3.1(b)(2) and (e), In re Disciplinary Proceeding against Carmick, 146 Wn.2d 582, 598, 48 P.3d 311 (2002) (RPCs may not be waived by local custom).

5