# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59600-8-II |
| Respondent, | |
| v. | |
| RYEN HUNTER TALLEY, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—On December 13, 2022, Ryen Talley pleaded guilty to taking a motor vehicle without permission. The victim was a 50-year-old disabled man who relied on his vehicle to get to his various medical appointments. After Talley stole the car, it was impounded and held for more than $1,000. When the victim could not pay the impound fees, the lot sold the car.

At sentencing, the trial court ordered Talley to pay restitution in an amount to be determined at a later date. On the day of the statutory deadline for setting restitution, the State moved for an extension of the deadline. The State explained that defense counsel had been unable to reach Talley regarding restitution, defense counsel had been in another trial, and defense counsel was currently out of the office due to illness. The trial court granted a short extension but did not expressly find good cause for doing so at that time. The trial court later explained the basis for good cause at a subsequent hearing and ultimately ordered Talley to pay restitution.

Talley appeals, arguing that the trial court abused its discretion by setting restitution more than 180 days after Talley was sentenced without an express finding of good cause. We disagree and affirm.

FACTS

On December 13, 2022, Talley pleaded guilty to taking a motor vehicle without permission. The victim was a 50-year-old disabled man who was living on social security income. He had to save for about a year to be able to purchase the car. After Talley stole the car, it was impounded and held for more than $1,000. When the victim could not pay the impound fees, the impound lot sold the car, leaving the victim without transportation.

As part of his sentence, the trial court ordered Talley to pay restitution in an amount to be determined at a later date. A date was not set for the future restitution hearing, and Talley waived his right to be present at the hearing.

On May 25, 2023, the State received a receipt from the impound lot showing the total loss the victim incurred was $2,732.63. On June 7, 2023, the State filed a restitution report based on the receipt. At the time, Talley's defense counsel was in another trial.

On June 12, the State filed a motion to extend the restitution deadline. In support of its motion, the State declared that the delay in setting the hearing was due to the restitution report only recently being finalized and defense counsel's request for a contested hearing based on his inability to contact Talley. In addition, defense counsel had recently been unavailable because of another trial, and then counsel became ill and was out of the office. The State acknowledged that under RCW 9.94A.753(1), the restitution deadline expired that same day. Accordingly, the State also filed a motion to shorten time.

That same day, the trial court held a hearing on the motion to extend, although Talley's counsel could not attend because he was sick. The trial court granted a brief extension of the restitution deadline until June 20 based on defense counsel's unavailability and encouraged the parties to see if they could agree to an amount before then.

Four days later, on June 16, the trial court held another hearing on a second motion to extend the deadline. Defense counsel objected and offered argument as to why extension should not be granted, including that the State should have initiated restitution proceedings earlier. The trial court granted the extension and set a restitution hearing for July 19. The trial court explained that it found good cause to continue the hearing past the 180-day deadline based on defense counsel being in trial and then sick in the time since the State received the receipt that formed the basis of the restitution report.

The trial court ultimately ordered restitution in the amount of $2,732.63. Talley appeals the order setting restitution.

ANALYSIS

Talley argues that the trial court abused its discretion by setting restitution more than 180 days after Talley was sentenced without a timely, express finding of good cause. We disagree.

We review a sentencing court's restitution order for an abuse of discretion. *State v. Tobin*, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007). A trial court abuses its discretion where its decision is manifestly unreasonable or based on untenable grounds or reasons. *State v. Garcia*, 179 Wn.2d 828, 846, 318 P.3d 266 (2014).

The trial court's authority to impose restitution is statutory. *State v. Chipman*, 176 Wn. App. 615, 618, 309 P.3d 669 (2013). RCW 9.94A.753(1) states that "[w]hen restitution is ordered,

3

the court shall determine the amount of restitution due at the sentencing hearing or within 180 days" unless the court continues the hearing beyond the deadline for good cause. "The 180-day time limit is statutory and is not grounded in a constitutional right or a limit upon the trial court's jurisdiction." *State v. Kerow*, 192 Wn. App. 843, 847, 368 P.3d 260 (2016). Still, a restitution order that does not comply with RCW 9.94A.753(1) is void. *Chipman*, 176 Wn. App. at 618.

We "do not engage in overly technical construction [of the restitution statute] that would permit the defendant to escape from just punishment." *Tobin*, 161 Wn.2d at 524. "[A]ccording to the statute's plain language and legislative history, it is clear the [restitution] statute is intended to ensure that defendants fulfill their responsibility to compensate victims for losses resulting from their crimes." *State v. Gonzalez*, 168 Wn.2d 256, 265, 226 P.3d 131 (2010).

Here, the State timely sought a continuance of the restitution hearing and explained to the trial court the good cause basis for an extension. Although on appeal, Talley repeatedly describes the State's request as coming on the "181[st] day," this characterization is misleading. Appellant's Opening Br. at 10. The 180th day fell on a Sunday and therefore the statutory deadline was the following Monday, which is when the State moved for a continuance. *See* CrR 8.1; CR 6. As such, the inquiry before our court is whether the trial court abused its discretion in granting the continuance. We hold that it did not.

Talley argues that we must vacate the restitution order because the trial court did not make an express finding of good cause at the first extension hearing on June 12. He relies on *State v. Grantham* to support his argument. 174 Wn. App. 399, 299 P.3d 21 (2013). There, the trial court initially granted a continuance of a restitution hearing, seemingly not realizing it was beyond the 180-day statutory limit. *Grantham*, 174 Wn. App. at 401. As such, there was no discussion of good

cause and the trial court did not make any finding of good cause at that time. Many months later, it explained the reasons for its original continuance. *Id*. at 402. On appeal, we held that because the trial court failed to make a finding of good cause on the original continuance motion, the subsequent restitution hearing was not timely and the restitution order was void. *Id*. at 406.

Unlike in *Grantham*, here, the State's timely motion for an extension expressly acknowledged the statutory deadline and offered facts that would support a good cause finding as the basis for its request for extension. Although the trial court did not specifically refer to "good cause," its grant of the motion was a result of the State's only argument, that defense counsel's unavailability constituted good cause to extend the deadline for a short period of time. Additionally, the trial court's comments at the second hearing, just four days later, further illustrate that it understood that a good cause finding was necessary to grant the first extension and reiterated its reasons for doing so. The trial court's order granting a brief extension of the statutory deadline was based on its finding of good cause and was not an abuse of discretion.

Although defense counsel was not present for the first hearing on the motion to extend, he was present at the hearing four days later and was able to make a full argument against a good cause finding for a second extension. The trial court rejected Talley's arguments and found good cause to extend based on the fact that defense counsel had been busy with another trial and then unavailable due to illness. Talley asserts, as he did below, that the State should have started the restitution hearing process earlier, but he offers no authority showing that the trial court's judgment about good cause was untenable under the circumstances. Accordingly, we cannot conclude that the trial court abused its discretion in granting an extension of the statutory deadline, particularly

No. 59600-8-II

in light of the law that courts should liberally apply the restitution statue in favor of victims and the fact that in this case, the victim was significantly impacted by Talley's crime.

CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

MAXA, P.J.

LEE, J.