IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40257-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOEL A. BARAJAS-GONZALEZ, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Joel Barajas-Gonzalez appeals the trial court's restitution order entered more than 180 days after his sentencing without a finding of good cause. Here, Barajas-Gonzalez waived the good cause requirement by agreeing to reset the restitution hearing outside the 180-day requirement. We affirm the trial court's restitution order.

FACTS

The State charged Joel Barajas-Gonzalez with first degree assault after he shot his neighbor in the leg. Later, because of evidentiary problems, a plea agreement was reached reducing the charge to third degree assault in return for a plea of guilty.

At the July 3, 2023, sentencing, the following comments from the court to the

victim show that the initial setting of restitution was perfunctory and in anticipation of a

later hearing:

> THE COURT: . . . I understand that the State is going to schedule
> this for a restitution hearing.  A restitution hearing is to allow the Court to
> consider imposing damages against Mr. Barajas for your injuries.  But, that
> will be subject to another hearing.  That won't be addressed today.
>  . . . .
> The Court is going to strike the victim assessment.  I will impose the
> DNA collection fee.  The restitution payable to the crime victim's
> compensation, $2,714.64.  I understand though that additional restitution
> may arise as a result of a future restitution hearing that we're gonna set for
> a status hearing on October 11th.
> [THE STATE]:  Yes, Your Honor.  And if I can say just for [the
> victim] to hear.  Because there's a guilty plea, you're entitled to restitution.
> Now, we got a claim that I think I saw for the first time on Friday.  It's a
> big claim.  I can't present it today.  We're gonna need more documentation
> from you.  So that's why we set this hearing.

Rep. of Proc. (RP) (July 3, 2023) at 17, 22.

On October 9, the State filed a brief seeking to increase the restitution amount to

$103,110.30.  At the October 11 hearing, defense counsel requested that the hearing be

postponed because he had not been able to discuss the restitution increase with his client.

The parties agreed to continue the hearing until November 15.

On November 15, defense counsel argued:

> [Mr. Barajas] believes restitution ought to be limited to approximately
> $2,700, which is what was contemplated when he pled . . . and was
> sentenced.

> I don't know that I've read this final restitution report or seen a copy of it. What I have seen, however, is conclusory. It doesn't show me what—it doesn't give me sufficient detail to say that restitution should be ordered or what kind of restitution they are seeking.
>
> . . . .
>
> I don't believe there's been a sufficient basis laid in this case to grant the State's request for restitution of $100,000 or anything more than, I believe it was $2,714 ordered in the original judgment and sentence. Accordingly, I ask the Court to deny the State's request.

RP (Nov. 15, 2023) at 9.

The trial court noted that the State's memorandum listed expenses but did not contain evidence sufficient for a restitution hearing. The State then realized it had neglected to file the itemized restitution report and requested to set the hearing over. Defense counsel objected. The trial court granted the State's request and reset the hearing to December 7.

On December 7, defense counsel was not available and replacement counsel requested a continuance because he had learned only a "couple of minutes" earlier of the need to appear. RP (Dec. 7, 2023) at 13. The trial court indicated it had 119 cases that morning and welcomed a continuance. Because the court did not have defense counsel's schedule, it had to set a hearing to discuss a new restitution hearing date. The court set a December 20 hearing for that purpose.

Barajas-Gonzalez did not appear at the December 20 hearing. Defense counsel stated he had received four dates from the State that would work for a future restitution hearing. Defense counsel added he would contact his client to see which of those dates worked for his schedule. The trial court replied it would give counsel until that afternoon to report back, otherwise it would pick one of those dates.

We note that "within 180 days" from the July 3, 2023 sentencing would be December 29, 2023. *See* RCW 9.94A.753(1). On December 21, the trial court signed an order resetting the restitution hearing for January 17, 2024.

At the January 17, 2024 restitution hearing, the State elicited testimony from a claims manager for the crime victim's compensation fund, which had paid the victim's medical costs and lost wages and was entitled to recoupment.[1] The claims manager testified that the victim's medical bills and lost wages totaled $103,355.18. The State introduced and the court admitted the supporting documentation. The victim testified about additional losses, not reimbursed by the fund, which he believed were attributable to being shot by Barajas-Gonzalez.

---

[1] The Department of Labor and Industries administers the crime victim's fund and is entitled to petition the trial court within one-year of sentencing for a restitution order. RCW 9.94A.753(7). This case does not involve such a petition.

After the State presented its evidence, defense counsel argued that the State failed to sufficiently establish the restitution amount, and that the proper amount was the original $2,714.00 entered by the trial court at sentencing. At no time did defense counsel object to the hearing date.

The trial court entered an order setting restitution at $108,355.18, inclusive of the original amount entered at sentencing. Barajas-Gonzalez timely appealed the restitution order, and the trial court stayed its order pending appeal.

ANALYSIS

Barajas-Gonzalez argues the trial court erred by entering the restitution order more than 180 days after sentencing without the required good cause finding. The State responds that Barajas-Gonzalez waived the finding. We agree with the State.

RCW 9.94A.753(1) generally requires a trial court to set a restitution hearing within 180 days of sentencing. The trial court can set a date beyond this time for good cause. *Id.* A defendant constructively waives the requirement for a good cause finding by, within the 180-day requirement, agreeing to a setting outside of that time. *State v. Kerow*, 192 Wn. App. 843, 847-48, 368 P.3d 260 (2016). Barrajas-Gonzalez acknowledges this. He argues the record simply does not establish that he waived the required good cause finding. We disagree.

The December 21, 2023 order resetting the restitution hearing to January 17, 2024, bears his attorney's signature.[2] It is true that the presentation of this order is potentially mysterious because there is no transcript to explain its entry and because the order bears a notation, "off docket." Clerk's Papers (CP) at 73. Nevertheless, what is important is that defense counsel agreed to the order and never objected to resetting the restitution hearing beyond the 180-day requirement.

Barajas-Gonzalez argues there is no evidence the order was agreed to because there is a box on the form that would indicate whether the order was agreed, and the box is unmarked. We disagree for two reasons.

First, the box Barajas-Gonzalez alludes to is for indicating whether the motion for continuance is brought by the State, the defense, or both. It is not for marking whether the continuance is agreed.

Second, a closer look at the signatures on the order shows that defense counsel signed both for himself and "for N. Barrett," the State's attorney. CP at 73. We consider this fact dispositive of whether Barrajas-Gonzales waived a good cause finding. He did.

---

[2] Barajas-Gonzalez states, the "order appears to bear the signature of both State's counsel and Mr. Barajas-Gonzalez's trial counsel." Appellant's Br. at 7.

No. 40257-6-III
*State v. Barajas-Gonzalez*

We affirm the restitution order.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Staab, J.

Murphy, J.

7