IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40394-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| OSCAR OMAR JAIMES, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Oscar Jaimes appeals the trial court's restitution order. He argues the order is void because the restitution hearing occurred beyond the statutory timeline for such hearings, and the trial court did not find good cause to set the untimely hearing. We agree and direct the trial court to vacate the restitution order.

FACTS

On September 12, 2023, Oscar Jaimes pleaded guilty to possession of heroin with intent to deliver. The plea paperwork acknowledged that the court would order restitution if the crime resulted in property damage. The plea paperwork also stated that the prosecuting attorney would recommend Jaimes pay court costs and fees. In exchange for his plea, the State dismissed several charges including theft of a motor vehicle and possession of a stolen vehicle.

At the sentencing hearing, when the court asked if there was any restitution, the State responded, "No restitution, Your Honor." Rep. of Proc. (Sept. 12, 2023) at 11. The court then asked the State about the restitution amounts in the judgment and sentence paperwork: $9,708 to Progressive Insurance and $100 to a victim. The State clarified that the restitution was for the charges it did not file and struck the amounts.

Four months later, the State noted a restitution status conference for February 13, 2024. Apparently, the parties thereafter continued the status conference multiple times. The State asserts that on March 7, the trial court granted its continuance request and found good cause to set the hearing beyond 180 days of sentencing, to March 28, 2024.

At the March 28, 2024, hearing, the court heard testimony and entered the restitution order, ordering Jaimes to pay $8,969.93 to Progressive and $100.00 to the victim.

Jaimes appeals.

ANALYSIS

Jaimes argues the restitution order is void because it was entered outside the statutory 180-day period without the court finding good cause to continue beyond that period. We agree.

*Standard of Review*

A trial court generally has the discretion to impose restitution, and we do not disturb it on appeal absent an abuse of discretion. *State v. Gray*, 174 Wn.2d 920, 924, 280 P.3d 1110 (2012). Because the trial court's authority to impose restitution is derived from statute, it abuses its discretion if the restitution order is not authorized by statute. *State v. Kerow*, 192 Wn. App. 843, 846, 368 P.3d 260 (2016). If the restitution order fails to comply with the statutory provisions authorizing restitution, it is void. *State v. Jones*, 20 Wn. App. 2d 552, 567, 500 P.3d 968 (2021).

RCW 9.94A.753(1) generally requires a trial court to set a restitution hearing within 180 days of sentencing. The trial court can set a date beyond this time for good cause, but the court's finding must be made before the time runs. RCW 9.94A.753(1).

Jaimes's restitution hearing occurred 198 days after sentencing. The State contends that on March 7, 2024, the trial court found good cause to continue the hearing beyond the 180-day timeline and attempts to cite a supplemental clerk's paper to support its contention. That supplement contains only one document, the State's notice scheduling the restitution status conference for February 13, 2024. There is nothing in that document that supports the State's contention about a finding of good cause.

No. 40394-7-III
*State v. Jaimes*

Because the record on appeal contains no evidence the trial court found good cause to continue the restitution hearing beyond the statutory 180 day limit, the restitution order is void. We remand with directions for the trial court to vacate the restitution order.

Remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Staab, C.J.                                              Cooney, J.

4