[No. 33335-6-I.  Division One.  January 17, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT JAMES HUNT, *Appellant*.

---

*Jeffrey Steinborn* and *Steinborn & Associates*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Francis Drew Zavatsky, Deputy*, for respondent.

COLEMAN, J. — Robert James Hunt appeals his judgment and sentence for one count of possession of cocaine with intent to deliver, arguing that his arrest pursuant to a felony warrant of commitment violated his right to due process and that the trial court should have therefore suppressed the narcotics seized incident to the arrest. We affirm.

In April 1990, a jury convicted Hunt of possession of cocaine with intent to deliver. Hunt thereafter filed a notice of appeal, and the court released him on bond pending appeal. In May 1992, the Court of Appeals affirmed Hunt's judgment and sentence. Hunt petitioned the Supreme Court for discretionary review. The court denied Hunt's petition for review in early September 1992.

On September 17, 1992, the Court of Appeals issued a mandate terminating review of Hunt's case. The King County Superior Court clerk's office received the mandate and issued a felony warrant of commitment to the Department of Corrections on September 21, 1992. On September 25, 1992, the prosecutor called defense counsel and informed him that the mandate had been issued and that Hunt should report to the Department of Corrections. That same day, defense counsel spoke to Hunt and advised him that he should report to the Department of Corrections. Hunt told his attorney that he intended to report on September 28, 1992.

On September 28, 1992, the police found Hunt talking on a pay telephone outside of a laundromat and arrested him. In a search incident to the arrest, the police found cocaine on Hunt's person and in his vehicle. The State subsequently charged Hunt with one count of possession of cocaine with intent to deliver.

Prior to trial, Hunt moved to suppress the evidence obtained during the search, arguing that the arrest pursuant to the warrant for commitment was unlawful because he had not previously received specific notice of a date and time to appear. The trial court denied the motion, stating:

> The question for the Court is whether, on these facts, the arrest was valid. If not, the fruits of the arrest must be suppressed. This Court agrees that defendant could not be charged on this record with bail-jumping, escape, failure to appear, or other default which might lead to forfeiture of his bond or other additional legal penalties. However, that is not the issue. The question is whether the State may arrest him, upon issuance of the Mandate and the Felony Warrant, without first setting a new report date and time for him to appear.
>
> RCW 10.70.020 provides in effect that the judgment and sentence, which were stayed pending appeal, are self-executing. Upon lifting of that stay, which occurs automatically upon the filing of the Mandate, an arrest may be made. The fact that defendant may have intended to begin serving his judgment and sentence at the end of the day on September 28, 1992 does not foreclose the State from proceeding to require earlier incarceration. There is no requirement for the setting of a new report date. It may be immediate.
>
> The Felony Warrant was properly issued. Defendant was properly subject to arrest, and was arrested. The Motion to Suppress is, therefore, denied.

Following a bench trial, the court found Hunt guilty of possession of cocaine with the intent to deliver and sentenced him to 36 months' incarceration. Hunt appeals.

The sole issue that we are asked to decide on appeal is whether the State can lawfully arrest a convicted defendant released on bond pending appeal upon the filing of the mandate and issuance of a felony warrant, without first setting a report date and time to appear.

Relying on RCW 10.73.040, Hunt contends that he was permitted to remain free on bond until he received official notice setting forth a date and time for him to appear. Absent such notice, Hunt argues that the officers' arrest violated his right to due process, and that the narcotics were therefore seized pursuant to an unlawful arrest. We disagree.

■ RCW 10.73.040, which was enacted in 1893, addresses a convicted defendant's right to bail and release pending appeal. This provision states:

> In all criminal actions, except capital cases in which the proof of guilt is clear or the presumption great, upon an appeal being taken from a judgment of conviction, the court in which the judgment was rendered . . . must . . . fix and determine the amount of bail to be required of the appellant; and the appellant shall be committed until a bond to the state of Washington in the sum so fixed be executed on his behalf . . ., *such bond to be conditioned that the appellant shall appear whenever required*, and stand to and abide by the judgment or orders of the appellate court . . ..

(Italics ours.) RCW 10.73.040.[1] The highlighted language provides quite broadly that a convicted defendant may remain

---

[1]The first whole sentence of this statute has been superseded by CrR 3.2(f) (formerly CrR 3.2(h)), a criminal court rule that governs the release of convicted defendants pending appeal. *State v. Smith*, 84 Wn.2d 498, 502-03, 527 P.2d 674 (1974). CrR 3.2(f) provides:

**Release After Finding or Plea of Guilty.** After a person has been found or pleaded guilty, and subject to RCW 9.95.062, 9.95.064, 10.64.025, and 10.64.027, the court may revoke, modify, or suspend the terms of release and/or bail previously ordered.

The remaining portions of RCW 10.73.040 are void only to the extent that they conflict with CrR 3.2(f). *See State v. Hunter*, 35 Wn. App. 708, 719, 669 P.2d 489, *review denied*, 100 Wn.2d 1030 (1983). In this case, the portion of RCW 10.73.040 upon which Hunt relies does not conflict with CrR 3.2(f) or any of the statutes cited therein.

free on bond pending appeal subject to the condition that he must appear "whenever required". Hunt reads this phrase to mean that the State cannot lawfully arrest a convicted defendant released on bond pending appeal until such defendant has been given official notice of a report date and an opportunity to appear. A plain reading of the statute, however, suggests that this is not so. The language in the statute speaks generally to the circumstances in which a convicted defendant released on bail pending appeal must appear: when he violates the conditions of his release or when his right to appeal is exhausted. His right to appeal is exhausted, in turn, when the appellate court issues the mandate.[2]

Contrary to Hunt's contention, there is nothing in the rules or the case law which suggests that a convicted defendant released on bond pending appeal is entitled, as a matter of due process, to more (*i.e.*, notice of an official report date and an opportunity to appear). Rather, as the trial court noted in its written order, a defendant's judgment and sentence is essentially self-executing once the mandate has been filed. Specifically, RCW 10.70.020 governs the circumstances in which a sheriff is authorized to execute a convicted defendant's judgment and sentence. This provision states:

> When any person shall be sentenced to be imprisoned in the penitentiary or county jail, the clerk of the court shall, as soon as may be, make out and deliver to the sheriff of the county, or his deputy, a transcript from the minutes of the court of such conviction and sentence, duly certified by such clerk, *which shall be sufficient authority for such sheriff to execute the sentence, who shall execute it accordingly.*

(Italics ours.) RCW 10.70.020. Under this provision, a sheriff is authorized to execute a defendant's judgment and sentence the moment he or she receives a certified transcript of the conviction and sentence. *See Clark Cy. Sheriff v. Department of Social & Health Servs.*, 95 Wn.2d 445, 447, 626 P.2d

---

[2]The mandate is a document that provides the trial court and the parties with written notice that the appellate court has terminated review. RAP 12.5(a); *State v. Dorosky*, 28 Wn. App. 128, 131, 622 P.2d 402, *review dismissed*, 96 Wn.2d 1011 (1981).

6 (1981) ("RCW 10.70.020 provides that a certified transcript of the conviction and sentence shall be sufficient authority for the Sheriff to execute the sentence."). Accordingly, when a convicted defendant's judgment and sentence are stayed pending appeal and the appellate court subsequently lifts the stay by filing a mandate,[3] the sheriff is authorized to arrest the defendant upon his receipt of a felony warrant of commitment and the appropriate certified documents.

In this case, the appellate court terminated review and filed a mandate, which it sent to both the trial court and counsel. Defense counsel notified Hunt that the mandate had been filed and that his right to appeal had been exhausted. The clerk's office, in turn, issued a felony warrant of commitment, which included certified copies of the original judgment and sentence and the appellate decision. Once issued, the officers were lawfully authorized to arrest Hunt and conduct a search incident to that arrest.

Hunt nevertheless argues that even if he was subject to immediate arrest, the felony commitment warrant was not an arrest warrant and did not authorize the police to conduct a search. According to Hunt, a felony warrant of commitment serves no other purpose than to command the Department of Corrections to accept a defendant into a facility. *See* WAC 381-30-090. We find, however, that the function of a felony warrant of commitment is not so limited. A felony warrant of commitment authorizes the Department of Corrections to take *custody* of a convicted defendant. The proper procedure for taking custody of a convicted defendant, in turn, is by arrest. Because the officers in this case were in possession of a felony warrant of commitment, they were authorized to take custody of Hunt by way of arrest and to conduct a search incident to that arrest. The trial court, therefore, did not err by refusing Hunt's motion to suppress the evidence.

---

[3]*See In re Lord*, 123 Wn.2d 737, 870 P.2d 964 (per curiam) (indirectly stating that a filed mandate automatically lifts a stay of the judgment and sentence), *cert. denied*, 115 S. Ct. 146 (1994).

The judgment and sentence of the trial court are affirmed.

GROSSE and KENNEDY, JJ., concur.

Review denied at 128 Wn.2d 1010 (1996).