

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37704-1-III Consolidated |
| Respondent, | ) | with |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH THEODORE JONES, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37705-9-III and |
| Respondent, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATHANIEL DEAN MOWEN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Respondent, | ) | No. 37706-7-III |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS KEITH ROBERTSON | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

No. 37704-1-III cons. w/ 37705-9-III and 37706-7-III
*State v. Jones; State v. Mowen; State v. Robertson*

FEARING, J. —

> *Analogy is our best guide in all philosophical investigations; and all discoveries, which were not made by mere accident, have been made by the help of it.* Joseph Priestley, 1769.

This is the second of two appeals by appellants Joseph Jones, Thomas Robertson, and Nathaniel Mowen to vacate restitution orders. As a result of the first appeal, this court vacated the first restitution order and remanded the case for a new restitution hearing. Appellants now seek annulment of the second restitution order on the basis that the restitution hearing breached the one-hundred-eighty day time requirement of RCW 9.94A.753(1). We must decide when the one-hundred-eighty day limitation period starts to run on remand from the court of appeals for a second restitution hearing.

We adopt appellants' argument that the statutory time restraint commences on the issuance of the court of appeals' mandate, and we thereby rule that the sentencing court conducted the second restitution hearing late. We also rule that any continuing jurisdiction of the sentencing court over the appellants did not extend to a dilatory restitution hearing, that the sentencing court never timely found good cause for the extension of the hearing date, and that Joseph Jones, Thomas Robertson, and Nathaniel Mowen did not waive the protections of RCW 9.94A.753(1). We therefore vacate the second restitution award against appellants.

2

FACTS

The issues before this court are solely procedural, but we pen a short summation of the facts behind the convictions of appellants Joseph Jones, Thomas Robertson, and Nathaniel Mowen. On December 10, 2015, intruders stole three or four garbage bags of processed marijuana from a storage trailer of a marijuana retailer. An on-site security guard contacted local law enforcement to report the burglary. The guard informed police that each bag contained between $15,000 and $20,000 worth of marijuana.

Officers searched the retail business area and discovered footprints, which prints police followed from the storage trailer to a set of vehicle tire tracks. The business owner, Edward Rhinehart, suggested, to police, several possible suspects, including Joseph Jones, Thomas Robertson, and Nathaniel Mowen.

The next day, on December 11, 2015, law enforcement spoke with Nathaniel Mowen. Once confronted about the marijuana residue on his rear bumper, Mowen confessed to his involvement in the heist. Mowen also implicated associates Joseph Jones and Thomas Robertson.

PROCEDURE

The State of Washington charged Joseph Jones, Thomas Robertson, and Nathaniel Mowen with burglary in the second degree, theft in the first degree, possession with intent to deliver marijuana, possession of marijuana, and malicious mischief in the third degree. The three accused entered plea agreements with varying terms.

3

No. 37704-1-III cons. w/ 37705-9-III and 37706-7-III
*State v. Jones; State v. Mowen; State v. Robertson*

The superior court held a contested restitution hearing. At the hearing, Edward Rhinehart testified that a significant portion of his stolen marijuana went unrecovered. Rhinehart also complained that the marijuana recaptured was substantially damaged and needed to be sold at a discounted rate. During cross-examination of Edward Rhinehart, the sentencing court sustained the State's objection to Nathaniel Mowen's cross-examination of Rhinehart about the price at which Rhinehart could have sold the marijuana and thereby mitigated his loss. The sentencing court, based on the testimony of Rhinehart, ordered Joseph Jones, Thomas Robertson, and Nathaniel Mowen to jointly and severally pay restitution in the amount of $76,670.

Joseph Jones, Thomas Robertson, and Nathaniel Mowen appealed to this court, challenging the trial court's restitution award. *State v. Mowen*, No. 35536-5-III, slip op. at 1 (Wash. Ct. App. Jan. 22, 2019) (unpublished), https://www.courts. wa.gov/opinions/pdf/355365_unp.pdf. This court held that the trial court violated the appellants' right to due process by prohibiting defense counsel from cross-examining Edward Rhinehart on damages. *State v. Mowen*, No. 35536-5-III, slip op. at 6-7. This court remanded for a new joint restitution hearing. *State v. Mowen*, No. 35536-5-III, slip op. at 11.

On March 20, 2019, this court issued a mandate to the trial court for further proceedings consistent with this court's opinion. The mandate directed the trial court as follows:

4

> The sentencing court or criminal presiding judge is to place this matter on the next available motion calendar for action consistent with the Opinion.

Clerk's Papers (CP) at 385, 567, 568.

On April 29, 2019, former Okanogan County Prosecuting Attorney Arian Noma e-mailed defendants' respective counsel about scheduling a new restitution hearing. Before being elected county prosecutor, Noma had represented Thomas Robertson in this case. His e-mail to counsel stated that the prosecutor's office would remove itself from the restitution hearing because of a conflict.

On April 30, 2019, Prosecuting Attorney Arian Noma wrote, by e-mail, to counsel and informed them: "I will need to seek out other counties [sic] assistance" for the restitution hearing. CP at 197. Noma asked defense counsel whether Joseph Jones, Thomas Robertson, or Nathaniel Mowen objected to setting the hearing in June. None of the trio objected to Noma's request.

The trial court scheduled the remanded restitution hearing for June 19, 2019. At the hearing, Okanogan County Deputy Prosecuting Attorney David Stevens asked for a continuance on the ground that the prosecutor's office held a conflict with Thomas Robertson. Stevens explained that his office had contacted prosecuting attorneys in eighteen other counties, but none agreed to handle the hearing. The trial court continued the restitution hearing until August 16, 2019.

During the August 16 hearing, the State asked for another continuance because its

5

prospective special deputy prosecuting attorney had declined to represent the State because of the potential loss of retirement benefits. The three appellants asked that the days of any continuance be held against the State for purposes of speedy sentencing rules. The sentencing court agreed with this request. The court, on its own, scheduled the new restitution hearing date for September 20, 2019.

Because the State contends that Joseph Jones, Thomas Robertson, and Nathaniel Mowen accommodated its request for a continuance and its request for a September 20 hearing date and because the State argues the sentencing court should have ruled good cause existed for the delay, we quote portions of the lengthy colloquy that transpired on August 16 as to whether the restitution hearing would proceed that day:

> THE COURT: Okay. Is that matter going forward today? Number two, that's Thomas Robertson, 15-1-463-6?
> MR. STEVENS [State's attorney]: No, it's not, Your Honor. Our office is conflicted out. We hired a retired deputy prosecutor to handle it. Then he found out because he's [PERS II] retired that if he took a county contract even for a very short period of time, he would lose all his benefits and his paycheck for the month. So, he backed out at the last minute.
> . . . .
> THE COURT: All right. Thank you. I'll come back to that, Mr. Wargin [Thomas Robertson's counsel]. The reason why I inquired is because there are three cases that were sent back by the appellate court and such.
> Ms. MacDougall, you have the next one, Nathaniel—
> MS. MACDOUGALL [counsel for Nathaniel Mowen]: I do.
> . . . .
> THE COURT: Number three on the calendar, 15-1- 448-2.
> MS. MACDOUGALL: And it sounds like we're in the same situation. I did contact the special deputy assigned that was referenced by Mr. Stevens and didn't hear back for quite some time, and [t]hen when I did

6

hear back the gentleman indicated "it looks like I'm not actually going to be able to handle this."

. . . .

MS. MACDOUGALL: So, I forwarded that to Mr. Stevens and Mr. Noma.

It sounds like we'll be getting a different date. I will be asking that the time be held against the State in that—in that situation.

THE COURT: Thank you. And Mr. Wargin, maybe it's appropriate to go back to you because you're handling number two, the Robertson case. Likewise, it is—is it anticipated a new date would be set on that?

MR. WARGIN: That's correct. And—and it—it—it—on def—on State's motion.

THE COURT: Right. Yeah. Thank you. And Ms. MacDougall has inquired and asked that the time be held against the State.

MR. WARGIN: I—and—and that—that is correct. I would join in that motion.

THE COURT: . . .

And then number four is Joseph Jones, 15-1-446-6. Mr. Thies [Joseph Jones' counsel] isn't here.

MS. MACDOUGALL: Yes, Your Honor. . . . I know Mr. Thies understood that the State would be requesting a continuance today. He wasn't certain if Mr. Jones would be present. So, he asked me to get a new date and make the argument. My client is here. I don't see Mr. Jones. But I don't have any trouble—

. . . .

And I don't have any problem, I told Mr. Thies, standing in to get the new date. I was just trying to inquire of him if he had heard anything [from] Mr. Jones.

THE COURT: Can you explain why he's not here?

MS. MACDOUGALL: Mr. Thies?

THE COURT: Yeah.

MS. MACDOUGALL: I'm not sure what else he had this morning, whether he had another hearing or an appointment. But I did indicate to him I could cover just to get a new date.

THE COURT: Okay. All right. So, I'm gathering in these three cases, because of a conflict with the prosecutor's office, I understand that they will get another prosecutorial agency or another person to deal with these. Is that correct, Mr. Stevens?

MR. STEVENS: Yes, Your Honor.

7

THE COURT: And we're now then—what's the next restitution date?

MS. ORTIZ: September 20th, Your Honor.

THE COURT: September 20th? For now, I'll set it for that date. Since everyone is asking that time be held against the prosecution, I'm gonna move it up to those dates.

MR. STEVENS: I think that's good cause. In fact, I believe, you know, we've been diligent. We actually did hire somebody. We had a contract. And at the last minute he ducked out.

MS. MACDOUGALL: Your Honor, I would still be arguing that because this case was remanded back—the Court of Appeals opinion was in January. I believe this Court received the remand on or about—

THE COURT: It was March 20th.

MS. MACDOUGALL:—March 20th.

THE COURT: It was filed and we received it then.

MS. MACDOUGALL: And I—I don't know why or what happened, but we did not have a hearing on this case. [A]nd I don't believe that was at the State's request until—I don't—I don't believe the State made the request until the hearing got set on June 19th.

Mr. Schiesser just prior to that was asking the Court and cc'ing the State as well as myself. Mr. Thies was cc'd on all of that. And I don't think we got a response from Mr. Noma indicating he had a conflict for some time. We got the June 16th date—June 16th until now.

The special deputy prosecutor that was retained, hired, whatever the relationship was, he could have certainly in acting [as] his capacity responded earlier. We didn't hear either till the end of last week or this week that he wasn't going to be able to do it.

And so it—at that point I thin[k] there have been delays that I don't think we can assign good cause to, and so I am still asking that the time be excluded.

THE COURT: Well, I guess I—I could inquire as to why Mr. Robertson or—or Mr. Jones aren't here today.

MS. MACDOUGALL: And that I don't know. All I know is that my client is here. [I]t is a separate cause number. And—

. . . .

THE COURT: I'm just not sure. And then—then we have—we have two Defendants who are not even present and available for today's hearing if it, for whatever reason, had gone forward.

MS. MACDOUGALL: Your Honor, on other complicating factor.

8

And I'm just gonna look at the email real quickly. On September 20th I was scheduled not to be here. Although would we hold this in the morning and—

THE COURT: Normally—normally our restitutions are in the morning.

MS. MACDOUGALL: If we assumed that we were gonna go forward to the full contested hearing, would we actually be holding it that day? Because I am scheduled to leave that day to be out of town for my mother's 75th birthday.

THE COURT: Well, maybe we can move it up sooner.

. . . .

MS. ORTIZ: —for a special set.

MS. MACDOUGALL:—Ms. Ortiz. Okay.

THE COURT: Can you email her dates and I know it's the first week there of September, those are trial weeks and such. But maybe we can figure out—I know I—I'm out the 16th I'm out, something like that. But maybe there's some time on the—I don't know what the 18th is like or anything like that right offhand. Some—I know I have juveniles that day. We—Judge Culp and I switch calendars and such, so—

But it's just trying to figure out what some—some dates.

MS. MACDOUGALL: Your Honor, I did look at the (indiscernible) and—

THE COURT: It almost seems though, as I—the more I think about it, not just thinking about this at all, it—there's an aspect of, you know, we can always talk about due diligence and all these things there, apparently this prosecutor's office determined that there was a conflict issue and, therefore, did engage someone.

I don't know. When did—when did—when did that person let everyone know he was conflicted or he could not do it?

MR. STEVENS: I believe it was about 10—day days ago.

MS. MACDOUGALL: It was.

. . . .

THE COURT: And was he—when was he—do you know approximately when the contract with him was initially agreed to?

MR. STEVENS: It was—well, it was verbally agreed to. [A]fter the last hearing we reached out to him.

THE COURT: Wait a minute. What—when you say the last hearing—

MS. MACDOUGALL: June 19th would have been the last hearing.

9

. . . .

MS. MACDOUGALL: I inquired on July 18th about this. There was a series of emails on July 18th. Mr. Stevens or inquired whether or not Robert Schiesser was still—

. . . .

MS. MACDOUGALL: And it was confirmed by Ms. Ortiz that we were set for today. And I heard nothing back. And then I inquired last Friday on the 9th asking for some information. An[d] Mr. Laiminger—

. . . .

MS. MACDOUGALL: L-a-i-m-i-n-g-e-r responded August 9th at 11:05 a.m., "turns out [he was unable] to do this." [A]s in a past determination had been made. "I don't know who will be representing the State." And that's when I sent the email, "Dave and Arian, back to you" inquiring.

THE COURT: So, there's a couple inquiries the [Court] would have, because there might be just cause to not hold the time against the State because they did enter an agreement, but there's some things that—of concern to the Court. [A]nd that would be apparently for the fact that you mad[e] the inquiry, when did the State know that he could not deal with it from a conflict point of view?

MR. STEVENS: Your Honor, I would have to inquire of—because the civil [deputy prosecuting attorney] was—was actually doing the contracting [with Mr. Laiminger].

THE COURT: That's fine. In any event, I'm just—I'm just—you can understand where I'm coming—hopefully you can understand where I'm kind of coming from, because if the State in their due diligence, so to speak, discovered they had a conflict and, therefore, reached out and entered a contract as such, but then at some point Mr. Laiminger contacted the prosecutor's office and said, "hey, I have an issue I can't do it." And so did the State sit on that until Friday, [A]ugust 9th without disclosure of that, which feel they should have made a disclosure as soon as they heard. Hey, our assigned prosecutor, substitute prosecutor, just let us know on such and such a date.

Now, if that—if they knew about that sometime in July or as such, rather than August 9th, then I probably would hold it against the State. But if they only found out like on the 8th or—or thereabouts, just a week ago, then I might have a different view of considering it, and I probably wouldn't hold it because he didn't disclose it to our local prosecutor's office.

10

So, I guess I'm trying—I'm just kind of concerned as to when all of this took place and whether somebody is communicating timely or not.

MR. STEVENS: Well, I did see an email from Mr. Laiminger, because I had been communicating with defense counsel saying that I would not longer be part of the conversation because our office was conflicted out, and that was July 18th, and Mr. Laiminger confirmed that he would be able to do the hearing on today's date.

. . . .

THE COURT: So other than the—your—you would have communicated to somebody at the prosecutor's office, hey, I can't do this because of, whatever, my PERS or whatever the excuse was. Is that correct?

MR. STEVENS: Yes, Your Honor.

THE COURT: I'm gonna—I'm gonna hold and reserve this issue. I want to know when the prosecutor found out about it, Ms. MacDougall.

MS. MACDOUGALL: Thank you, Your Honor.

THE COURT: I—I—I just think if—if they knew about it, you know, just last—the end of last week, that's—I wouldn't hold the time against them. But if they—if they knew some two to at least two or three weeks in advance, sometime—because the last communication Mr. Stevens indicated is July 18th. So, when did Mr. Laiminger or whatever his name is, disclose to the prosecutor's office? If it was just last week, for example, I probably would say no, I'm not gonna hold it only because they're trying their best to accomplish and there would be, I think, the argument, some good cause there.

But if they—if they knew—today—again, today's day is the 16th. If they knew before the end of July and didn't communicate that to anybody, that would be of concern to this Court.

. . . .

MS. MACDOUGALL: The only thin[g] that I want to state for the record—

. . . .

MS. MACDOUGALL: just so we make it clear, whenever this prosecutor's office knew would be one fact. However, defense would still be noting that Mr. Laiminger once he agreed to accept the appointment he is, in fact, a prosecutor.

THE COURT: Correct.

MS. MACDOUGALL: And so he's still acting—

THE COURT: He didn't communicate it to you—

11

MS. MACDOUGALL:—on an Okanogan County case.

THE COURT: He didn't communicate it to you until you made the inquiry?

MS. MACDOUGALL: Correct. And so when the Court is saying—

THE COURT: Yeah.

MS. MACDOUGALL:—due diligence, I would lump him in there.

THE COURT: I hear you now.

. . . .

THE COURT: That's fine. Then—and I hear what you're saying. He was negligent in not communicating—that's my—that's my word. Because he—he should have notified defense counsel, hey, I have a conflict as well as notified the prosecutor. So, you know, and the Court can sit here and process. *I'm gonna hold it against the State at this time.*

MR. STEVENS: Thank you, Your Honor.

THE COURT: So, we're gonna set, temporarily we're gonna set it for September 20th. We'll set it in the morning at 8:30. If we can get an earlier date, we'll try and do that. *I'm holding it against the State*—

MR. WARGIN: Thank you.

THE COURT:—because Mr. Laiminger didn't make notice of—and he only communicated it to Ms. MacDougall.

MS. MACDOUGALL: I think he did hit reply all.

THE COURT: All. Okay.

MS. MACDOUGALL: On that—

THE COURT: All right.

MS. MACDOUGALL:—email, Your Honor.

THE COURT: Thank you. But for the record, I'll note also that Thomas Robertson is not present and Joseph Jones is not present. Okay.

MS. MACDOUGALL: And my only issue was that I had scheduled to be out. So, that's why I was asking for a different date for that. But if— and let me see where, because what—I guess, we don't know whether or not we'll have a—a prosecutor available at that time.

. . . .

THE COURT: Or just the Court on its [own], so to speak, is setting new date. It will just be as to form only, Mr. Stevens.

Report of Proceedings at 106-21 (emphases added).

On August 22, 2019, attorney Mark Carroll agreed to handle the joint restitution

hearing for the State. On September 19, 2019, the day before the restitution hearing, Joseph Jones filed a motion to dismiss the restitution action. Thomas Robertson and Nathaniel Mowen joined Jones' motion. The motion argued that more than one hundred eighty days had elapsed since this court issued its March 20, 2019 mandate and that this dilatory filing violated RCW 9.94A.753(1), which requires the restitution hearing to occur within one hundred eighty days.

At the September 20, 2019 restitution hearing, the trial court agreed with the defendants that the Court of Appeals issued its mandate one hundred eighty four days before the current hearing. Due to the defendants' lack of timely notice to the State of its motion to dismiss, the trial court instructed the parties to brief the issue of a timely restitution hearing.

On December 10, 2019, the trial court heard arguments on Joseph Jones', Thomas Robertson's, and Nathaniel Mowen's motion to dismiss. The trial court denied the motion to dismiss. The trial court concluded that an appellate court's mandate does not commence the one-hundred-eighty-day time limitation for restitution hearings. Rather, the court relied on CrR 3.3(c)(2)(iv) in concluding that a defendant's first appearance following a mandate starts the clock. Thus, according to the trial court, it had one hundred eighty days from June 19, 2019, the first restitution hearing, to determine the amount of restitution due. Following its denial of the motion to dismiss, the superior court entered an order that included the following conclusion of law 24(C) (second of two

13

No. 37704-1-III cons. w/ 37705-9-III and 37706-7-III
*State v. Jones; State v. Mowen; State v. Robertson*

duplicate letter Cs):

> Although the Court excluded time as against the prosecution at the August 19, 2019 hearing; principally due to a lack of information relative to disclosure surrounding Mr. Laiminger's withdrawal. *Additional information was provided by Mr. [Mark] Carroll upon which the court could have found "good cause"; however, the defendants, by and through their counsel, agreed to the September 20th date which the court treated as a waiver or an accommodation* under the case of *State v. Kerow*, 192 [Wn. App 843, 368 P.3d 260 (2016)].

CP at 330 (emphasis added).

This reviewing court granted Joseph Jones', Thomas Robertson's, and Nathaniel Mowen's motion for discretionary review of the trial court's denial of their motion to dismiss the State's request for restitution. The sentencing court has yet to conduct the restitution hearing.

LAW AND ANALYSIS

This appeal covers not only the date on which the restitution hearing limitation period launches its window of time, but related questions of good cause to extend the deadline and waiver of the limitation period. The trial court's authority to impose restitution relies on statute. *State v. Deskins*, 180 Wn.2d 68, 81, 322 P.3d 780 (2014). The first two sentences of the controlling statutory subsection, RCW 9.94A.753(1), a segment of the Sentencing Reform Act of 1981, ch. 9.94A RCW, declare:

> When restitution is ordered, the court *shall determine the amount of restitution due at the sentencing hearing or within one hundred eighty days* except as provided in subsection (7) of this section. The court may continue the hearing beyond the one hundred eighty days for good cause.

14

(Emphasis added.)  The failure to comply with statutory provisions authorizing restitution

voids a restitution order.  *State v. Kerow*, 192 Wn. App. 843, 846, 368 P.3d 260 (2016).

This appeal tasks us to determine when the one hundred eighty days, mentioned in

RCW 9.94A.753(1), commences if and when the court of appeals remands to the superior

court for a new restitution hearing.  Appellants Joseph Jones, Thomas Robertson, and

Nathaniel Mowen contend the day count begins when this court issued its mandate.  The

State, relying on CrR 3.3(c)(2)(iv), maintains that the one hundred eighty days starts on

the appellants' first appearance in court after the remand to the superior court.

The remanded restitution hearing transpired, or at least was scheduled to occur

until the appellants sought to strike the demand for restitution, on September 20, 2019.

The court of appeals issued its mandate March 20, 2019, one hundred eighty four days

before the restitution hearing.  Appellants Jones, Robertson, and Mowen first appeared in

superior court, after the mandate, on June 19, 2019, ninety three days before the

restitution hearing.  If we adopted appellants' reading of RCW 9.94A.753(1), we would

rule that the restitution hearing breached the time requirement of the statute.  If we

adopted the State's reading of RCW 9.94A.753(1), we would hold that the restitution

hearing timely occurred.

Assuming we rule the sentencing court failed to timely convene the second

restitution hearing, we must address whether the superior court approved the delay in the

15

hearing for good cause. We may also need to answer whether Joseph Jones, Thomas Robertson, and Nathaniel Mowen waived the protection of the timely hearing requirement of RCW 9.94A.753(1).

Commencement of One Hundred Eighty Days

RCW 9.94A.753(1) reads that the sentencing court "*shall* determine the amount of restitution due at the sentencing hearing or within one hundred eighty days." (Emphasis added.) The word "shall," as used in the statute, imposes a mandatory requirement. *State v. Mollichi*, 132 Wn.2d 80, 86, 936 P.2d 408 (1997); *State v. Moen*, 129 Wn.2d 535, 538, 919 P.2d 69 (1996); *State v. Krall*, 125 Wn.2d 146, 147-49, 881 P.2d 1040 (1994). Thus, Washington courts strictly enforce the one-hundred-eighty-day deadline absent good cause or waiver. *State v. Moen*, 129 Wn.2d 535, 542 (1996). The time restriction prevails over victims' rights to restitution. *State v. Moen*, 129 Wn.2d 535, 542 (1996). The offender need not show prejudice resulting from the untimely restitution order. *State v. Moen*, 129 Wn.2d 535, 542 (1996).

*State v. Krall*, 125 Wn.2d 146 (1994), involved the former RCW 9.94A.142(1), which created a mandatory sixty-day period for determining restitution. After the high court decided *State v. Krall*, the Washington Legislature amended the statute to extend the limitation period to one hundred eighty days and to permit the extension of this new deadline on a showing of good cause. But the legislature retained the language of the former statute requiring that the court "shall" determine the amount of restitution within a

16

prescribed period of time, thus confirming the mandatory nature of the limitation. *State*

*v. Tetreault*, 99 Wn. App. 435, 437, 998 P.2d 330 (2000).

RCW 9.94A.753(1) begins the one-hundred-eighty-day limitation period for the

restitution hearing on the date of sentencing, but no one suggests that this date controls

after an appeal. The statute falls mute as to when the one-hundred-eighty-day limitation

commences on a remand from the Court of Appeals. We must confront this silence by

employing the few principles of statutory construction of relevance and by exploiting the

imperfect reasoning of analogy.

The State relies on the language of CrR 3.3, which court rule governs the time for

trial, when identifying the day on which the one-hundred-eighty-day period starts for the

restitution hearing on remand from this court. CrR 3.3 states, in relevant part:

> Rule 3.3 Time for Trial
>
> . . . .
> (c) Commencement Date.
> (1) *Initial Commencement Date*. The initial commencement date shall be the <u>date of arraignment</u> as determined under CrR 4.1.
> (2) *Resetting of Commencement Date*. On occurrence of one of the following events, a new commencement date shall be established, and the elapsed time shall be reset to zero. If more than one of these events occurs, the commencement date shall be the latest of the dates specified in this subsection.
> . . . .
> (iv) Appellate Review or Stay. The acceptance of review or grant of a stay by an appellate court. The new commencement date shall be the <u>date of the defendant's appearance that next follows the receipt by the clerk of the superior court of the mandate</u> or written order terminating review or stay.

(Bold face omitted) (underscoring added). Based on this language, the State contends the first date that the defendants appear in court after the receipt of the mandate should control.

We measure CrR 3.3(c)(2)(iv) as a distant analogy to RCW 9.94A.753(1). The criminal rule only governs the time for trial. The considerations for a speedy trial differ from the considerations for a timely restitution hearing. The restitution hearing takes less preparation and should generally proceed quicker. Therefore, we seek another parallel.

Joseph Jones, Thomas Robertson, and Nathaniel Mowen assert three reasons for commencing the one-hundred-eighty-day statutory period under RCW 9.94A.753(1) on the issuance of the remand from the court of appeals. First, typically a judgment and sentence begins the statutory period for restitution. The closest equivalent to a judgment and sentence following an appeal is the date the appellate court issues a mandate. According to *State v. Hunt*, 76 Wn. App. 625, 630, 886 P.2d 1170 (1995), a trial court's judgment and sentence, after being stayed on appeal, takes effect on the date the appellate court issues its mandate.

We give little value to the appellants' first contention. RCW 9.94A.753(1) provides that the one-hundred-eighty-day statutory period commences "at the sentencing hearing," not necessarily on the issuance and imposition of a judgment and sentence.

Second, Joseph Jones, Thomas Robertson, and Nathaniel Mowen maintain that

18

statutes of limitation generally recommence, when an appellate court dismisses a prosecution without prejudice, on the date that the appellate court issues a mandate. They cite RCW 9A.04.080(4), which statute governs limitations of actions. The statute declares:

> If, before the end of a period of limitation prescribed in subsection (1) of this section, an indictment has been found or a complaint or an information has been filed, and the indictment, complaint, or information is set aside, *then the period of limitation is extended by a period equal to the length of time from the finding or filing to the setting aside*.

(Emphasis added.)

Third, appellants Jones, Robertson, and Mowen emphasize that the issue date of an appellate court's mandate starts the clock in many other legal settings. The Supreme Court has treated its issuance of a mandate as the date the limitations period for filing a personal restraint petition commenced. *In re Personal Restraint of Thompson*, 141 Wn.2d 712, 716, 10 P.3d 380 (2000); *In re Personal Restraint of Sorenson*, 200 Wn. App. 692, 693-94, 403 P.3d 109 (2017). In *Grabicki v. Bays*, 193 Wn. App. 104, 111, 370 P.3d 60 (2016), this court held that its issuance of a mandate commenced the ten-day clock on the trial court's order for ejectment. Finally, in *Tellevik v. 31641 West Rutherford Street*, 125 Wn.2d 364, 372-73, 884 P.2d 1319 (1994), our high court held that the ninety-day statutory period for holding an adversarial hearing in a civil forfeiture action commenced on the date the Supreme Court issued its mandate.

Although Joseph Jones, Thomas Robertson, and Nathaniel Mowen do not advance

perfect parallels, they submit the best available. We adopt their second and third analogies and hold that the date of the mandate controls the beginning of the statutory limitation period for the restitution hearing on remand.

We also employ *State v. Modest*, 106 Wn. App. 660, 24 P.3d 1116 (2001), by analogy. Although the *Modest* decision involved resentencing for the period of incarceration, not restitution, the court deemed the commencement date for purposes of speedy resentencing to be the day of the Court of Appeals' mandate. The State distinguishes *State v. Modest* by emphasizing that, although this court ruled that resentencing was not timely, this court also declined to reverse the sentence because the defendant failed to show prejudice. To repeat, the defendant need not show prejudice under RCW 9.94A.753(1) for vacation of an untimely restitution order. *State v. Moen*, 129 Wn.2d 535, 542 (1996).

We observe that, if we adopted a day of first appearance by the defendant in court after remand, the time limit may never end. Although we routinely write in our mandate order that the superior court should place the case on the next available criminal docket, the superior court could forget to do so or grant indefinite continuances without an appearance of the offender. The order to place the hearing on the next available docket emphasizes the importance of speed.

Criminal defendants possess a constitutional right to speedy sentencing under the Sixth Amendment to the United States Constitution and art. I, § 22 of the Washington

Constitution. *State v. Ellis*, 76 Wn. App. 391, 394, 884 P.2d 1360 (1994). We assume this constitutional right extends to restitution hearings. An open-ended extension could lead to a restitution hearing years after the remand and a breach of speedy sentencing rights. *State v. Tetreault*, 99 Wn. App. 435, 438 (2000). Even the victim's interests are best served with a timely hearing when the evidence remains fresh and the victim most needs the payment. *State v. Moen*, 129 Wn.2d 535, 543 (1996).

RCW 9.94A.753(1) is a section of the Sentencing Reform Act of 1981, ch. 9.94A RCW. Our Supreme Court has ruled that the rule of lenity applies to the act. *In re Personal Restraint of Seitz*, 124 Wn.2d 645, 652, 880 P.2d 34 (1994). The rule of lenity requires this court to adopt the interpretation most favorable to the defendant. *State v. Flores*, 164 Wn.2d 1, 17, 186 P.3d 1038 (2008). For this additional reason, we adopt the construction placed on RCW 9.94A.753(1) by the appellants.

Continuing Jurisdiction

The State maintains that, even if we identify the date of the court of appeals' mandate as the starting point for the one hundred eighty days, we should still rule in its favor and authorize a restitution hearing for three reasons. First, the restitution hearing may proceed at any time during which the superior court continues to hold jurisdiction over the defendant, and jurisdiction continues until the offender has paid all amounts owed, including restitution. We note the circularity of this argument. Second, the appellants' sentencing court ruled that, under with RCW 9.94A.753(1), good cause

21

supported the continuance of the restitution hearing through September 20, 2019. Third,

the appellants waived the one-hundred-eighty-day statutory period for the hearing. We

address these contentions in such order.

The State argues that, pursuant to RCW 9.94A.753(4), the trial court maintained

jurisdiction over Joseph Jones, Thomas Robertson, and Nathaniel Mowen before, during,

and after their first appeal. Thus, according to the State, the trial court had the authority

to readdress restitution at any time after remand.

RCW 9.94A.753(4) governs a trial court's jurisdiction over a defendant for

purposes of restitution. The statute provides, in relevant part:

> For an offense committed on or after July 1, 2000, *the offender shall remain under the court's jurisdiction until the obligation is completely satisfied, regardless of the statutory maximum for the crime. The portion of the sentence concerning restitution may be modified* as to amount, terms, and conditions *during any period of time the offender remains under the court's jurisdiction*, regardless of the expiration of the offender's term of community supervision and regardless of the statutory maximum sentence for the crime.

(Emphasis added.) We disagree that this continuing jurisdiction permits an indefinite

period of time during which the sentencing court may impose restitution on remand from

the court of appeals.

The gist of the State's contention is that, because the sentencing court retains

jurisdiction until the offender satisfies all financial obligations, the court may address

restitution at any time even after the one-hundred-eighty-days deadline. Nevertheless, RCW 9.94A.753(4) assumes the court has already imposed the restitution amount during the time of continuing jurisdiction. The statutory subsection allows modification of the terms, conditions, and amount during this continuous time. The subsection does not permit an initial imposition of restitution, even after a remand, at any time.

The State's construction of RCW 9.94A.753(4) would lead to no deadline for the award of restitution. To repeat, an open-ended period could lead to a restitution hearing years after the remand and breach speedy sentencing rights. *State v. Tetreault*, 99 Wn. App. 435, 438 (2000).

Good Cause for Delay

The sentencing court may extend the one-hundred-eighty-day limitation period for restitution, but only on finding of good cause to do so. RCW 9.94A.753(1). Nevertheless, after the deadline elapses, the trial court lacks authority to extend the statutory period for good cause. *State v. Chipman*, 176 Wn. App. 615, 619, 309 P.3d 669 (2013); *State v. Tetreault*, 99 Wn. App. 435, 437-38 (2000); *State v. Johnson*, 96 Wn. App. 813, 816-17, 981 P.2d 25 (1999).

On remand, the State never asked the sentencing court to extend the one-hundred eighty-day cutoff date. The court's finding of fact 24(C) (second of two duplicate letter Cs) reads, in relevant part:

> Although the Court excluded time as against the prosecution at the

23

> August 19, 2019 hearing; principally due to a lack of information relative to disclosure surrounding Mr. Laiminger's withdrawal. *Additional information was provided by Mr. [Mark] Carroll upon which the court could have found "good cause"; however, the defendants, by and through their counsel, agreed to the September 20th date which the court treated as a waiver or an accommodation* under the case of *State v. Kerow*, 192 [Wn. App 843, 368 P.3d 260 (2016)].

CP at 330 (emphasis added). The sentencing court's comment that it could have found good cause does not equate to a finding of good cause. Anyway, the superior court lacked any authority, on September 20, to find good cause because the limitation period had already lapsed.

### Waiver

A party may waive the protection of RCW 9.94A.753(1)'s one-hundred-eighty-day limitation period. *State v. Kerow*, 192 Wn. App. 843, 847-48 (2016). The law defines waiver as a voluntary relinquishment or abandonment of a known right. *State v. Harris*, 154 Wn. App. 87, 95, 224 P.3d 830 (2010). Nevertheless, Washington courts have softened this definition in the context of a statute of limitations, including the context of sentencing hearings and restitution hearings.

Washington courts inconsistently apply two rules as to whether the offender waives the statutory limitation period. Under the traditional statute of limitations rule sometimes applied to RCW 9.94A.753(1), a party waives a limitations affirmative defense (1) by engaging in conduct that is inconsistent with that party's later assertion of the defense or (2) by being dilatory in asserting the defense. *State v. Kerow*, 192 Wn.

App. 843, 848 (2016); *State v. Grantham*, 174 Wn. App. 399, 404, 299 P.3d 21 (2013);

*Greenhalgh v. Department of Corrections*, 170 Wn. App. 137, 144, 282 P.3d 1175

(2012). Under the more recent pronouncement, a party waives the one-hundred-eighty-

day interlude if he or she voluntarily accommodated the State's request to continue the

restitution hearing beyond the statutory deadline, but he or she was not obligated to do so.

*State v. Mollichi*, 132 Wn.2d 80, 92 (1997); *State v. Kerow*, 192 Wn. App. 843, 844-45

(2016). The latter rule may conflict with a third principle. The failure to object to an

order scheduling the hearing beyond the deadline does not amount to a waiver. *State v.*

*Moen*, 129 Wn.2d 535, 547 (1996); *State v. Grantham*, 174 Wn. App. 399, 404 (2013).

In order to discern whether Joseph Jones, Thomas Robertson, and Nathaniel

Mowen waived the shield of RCW 9.94A.753(1), we compare and contrast four

Washington decisions that analyze waiver: *State v. Mollichi*, 132 Wn.2d 80 (1997); *State*

*v. Moen*, 129 Wn.2d 535 (1996); *State v. Kerow*, 192 Wn. App. 843 (2016); and *State v.*

*Grantham*, 174 Wn. App. 399 (2013). The State relies on *State v. Kerow*. Jones,

Robertson, and Mowen rely on *State v. Moen* and *State v. Grantham*. Both parties rely

on *State v. Mollichi*.

The Supreme Court decided *State v. Moen* in 1996, at a time when the statutory

time limit for restitution was sixty days after sentencing. The trial court sentenced

Christopher Moen on February 11, 1994. The court then directed the State's attorney and

defense counsel to agree to a restitution hearing date. The court did not enter the

restitution order under May 4, 1994, more than eighty two days after sentencing. Moen did not object, before the superior court, to the late entry of the order. On appeal, the Supreme Court reversed the restitution order. The court ruled that Moen need not show any prejudice. The court mentioned no concern that defense counsel may have agreed to a hearing date beyond the sixty days or that Moen failed to object to a late hearing.

One year later, the Washington Supreme Court decided *State v. Mollichi*, 132 Wn.2d 80 (1997). The juvenile court imposed restitution against Geoffray Mollichi at a date after the disposition hearing, contrary to the Washington Juvenile Justice Act of 1977, ch. 13.40 RCW. The court agreed that a juvenile offender might waive the statute's requirement, but that Mollichi did not do so. During the disposition hearing, Mollichi acknowledged that the prosecuting attorney would recommend to the juvenile court that he pay restitution. The parties had not reached an agreement as to the amount or the date of any restitution hearing. Defense counsel, at the disposition hearing, conceded that restitution would be appropriate. The State's attorney then asked for an additional thirty days to assess the damage caused by Mollichi when committing malicious mischief. Defense counsel agreed to a hearing within thirty days. The juvenile court signed an order specifying restitution would be determined within thirty days.

One month later, the State filed a notice of hearing on restitution for a date sixty days after the disposition hearing. At the restitution hearing, Geoffray Mollichi objected to an award of restitution because the State failed to schedule a hearing date that fell

26

within thirty days of disposition. The trial court denied Mollichi's request because the State had filed the notice of hearing within thirty days, although the hearing date was an additional thirty days thereafter.

On appeal, in *State v. Mollichi*, the Supreme Court agreed that, because of defense counsel's oral agreement to a thirty-day continuance, Geoffray Mollichi had waived the statutory requirement of imposing restitution at disposition. Nevertheless, the court held that Mollichi had waived the requirement for only a limited time. Because the juvenile court did not impose restitution within thirty days of disposition, the high court struck the restitution order.

In *State v. Kerow*, 192 Wn. App. 843 (2016), the sentencing court entered an order for restitution beyond the statutory deadline, although the restitution hearing had begun before the deadline. The court sentenced Elyas Kerow, on May 16, 2014, for vehicle prowl. At the conclusion of the sentencing hearing, the court ordered restitution "to be determined" at a date "to be set" for a hearing. *State v. Kerow*, 192 Wn. App. at 845. With a May 16 sentencing date, the statutory one-hundred-eighty-day deadline for the restitution hearing was November 12, 2014.

The initial restitution hearing for Elyas Kerow occurred on October 29, 2014. Defense counsel did not dispute the amount for damage to the car, but argued that the State's documentation did not show a connection between the registered owner of the car and the insurance policyholder. The trial court concluded that the State must present

27

evidence connecting the car's owner with the policyholder. The sentencing court directed the parties to set the hearing "'over to a date that you both agree on.'" *State v. Kerow*, 192 Wn. App. 845.

Elyas Kerow's restitution hearing reconvened on November 18, 2014, one hundred eighty six days after sentencing. The State provided the court an e-mail from the car owner, in which message she stated her father was the insurance policyholder and she paid the $1,000 deductible. Kerow argued the court lacked authority to order restitution because the statutory deadline had passed due to the court's failure to make a finding of good cause to continue before the deadline. The court ordered $4,641.71 in restitution. The sentencing court rejected Kerow's motion to dismiss. The court emphasized that it postponed the hearing beyond the deadline to gain additional evidence.

On appeal, in *State v. Kerow*, this court affirmed the award of restitution, while rejecting Elyas Kerow's demand of dismissal of the restitution claim. This court emphasized that the sentencing court heard sufficient evidence to issue a ruling as to the amount of restitution on the first day of the hearing, which occurred before the limitation period expired. Defense counsel could have insisted on the second day of the hearing occurring before the deadline. Because of the sentencing court's direction to counsel to choose a convenient date, this court assumed that defense counsel agreed to a later date.

Finally, in *State v. Grantham*, 174 Wn. App. 399 (2013), the sentencing court rescheduled a restitution hearing to a date after the passing of the one-hundred-eighty-day

28

expiration. Before the court set the new day, the State's attorney commented: "I want to make sure if we go beyond that, that the Defendant is waiving the 180 day period." *State v. Grantham*, 174 Wn. App. 399, 401 (2013). The trial court asked if the State agreed to the postponement, but did not ask if the defendant agreed. The State incorrectly responded that the new date scheduled by the court fell within the limitation period. After scheduling the new hearing date, the sentencing court granted defense counsel's motion to withdraw and appointed new counsel.

After the running of the time limit, Jonathan Grantham moved to dismiss the State's demand for restitution. The trial court denied the motion on the grounds that a new attorney was appointed and Grantham, after having waived his presence at the restitution hearing, later demanded to be present despite being incarcerated.

On appeal to this court, in *State v. Grantham*, the State maintained that Jonathan Grantham waived the right to object to the late hearing date because he never objected to the date when the court rescheduled the new hearing date or at any time before the expiration of the time period. According to the State, Grantham should have given the court an opportunity to correct any scheduling error. This court disagreed and reversed the restitution order. We followed the rule that the defendant is not required to preserve his objection to a late restitution hearing under *State v. Moen*. Also, asserting the limitation period after its passage did not constitute either inconsistent behavior or dilatory conduct.

We adjudge *State v. Kerow* to lack analogical value. The State's presentment of evidence against Elyas Kerow began within the statutory time limit. At the close of that first day of hearing, the sentencing court directed the parties to agree the next day for the hearing on a date convenient for both. The initial day of the remanded restitution hearing for Joseph Jones, Thomas Robertson, and Nathaniel Mowen did not occur within the statutory period. The appellants did not participate in scheduling the hearing date for September 20, 2019. The superior court scheduled the date on its own. Nathaniel Mowen's counsel objected to the September 20 date and asked for an earlier date.

We deem *State v. Grantham* most analogous to this appeal with *State v. Mollichi* and *State v. Moen* also assisting appellants. Joseph Jones, Thomas Robertson, and Nathaniel Mowen never accommodated the State's postponement of the restitution hearing beyond the one-hundred-eighty-day limitation period. Nor did the appellants engage in any inconsistent or dilatory behavior. All of the postponements were at the request of the State. Although the appellants and their counsel did not object to any continuances, the court never gave them an opportunity to object. Any objection would have failed because of the conflict of the State's counsel and the inability to timely hire substitute counsel. None of the defendants contributed to this problem.

At the time of the last postponement of the restitution hearing, the three offenders warned the State that they intended to charge the times of delay against the State for purpose of speedy sentencing. Demanding that the time be charged against the State

30

parallels an objection to a continuance. In response, the sentencing court ruled that it would charge the State with the delay.

We note that Thomas Robertson and his counsel both missed the August 16 hearing date. Nevertheless, Robertson's counsel arranged for Nathaniel Mowen's counsel to speak on behalf of Robertson. Mowen's counsel also asserted, on behalf of Robertson, the right to charge the delay against the State. The State does not distinguish among the three defendants when forwarding waiver.

CONCLUSION

We hold that the State did not timely schedule a restitution hearing date under RCW 9.94A.753(1). We remand to the superior court to dismiss any claims for restitution.

_____
Fearing, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Staab, J.